## ANDERSON *v.* JOHN HANCOCK MUT. LIFE INS. CO.

*(City Court of Brooklyn, General Term.* November 25, 1889.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Where there is a conflict of evidence, a verdict for plaintiff, on a charge fair and liberal to defendant, will not be disturbed.

2. SAME—REFUSAL TO CHARGE.

A refusal to charge as requested is not error, where the court has already substantially charged the same proposition.

Appeal from trial term.

Action by Hilda Anderson against the John Hancock Mutual Life Insurance Company, on an insurance policy held by plaintiff, for her benefit, on the life of her child. Judgment for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Hirsh & Rasquin,* for appellant. *John S. Griffith,* for respondent.

OSBORNE, J. Plaintiff took out a policy with the defendant, for her benefit, on the life of her child, Minnie. The premium, at the rate of five cents per week, was to be paid weekly to defendant's collector, who was in the habit

of calling at plaintiff's house for it. Plaintiff regularly paid the premium to the defendant's collector from October 28, 1885, to March 15, 1886. From the last-mentioned date up to April 26, 1886, the collector failed to call for the weekly premiums. On this date, plaintiff testifies that she went to defendant's office, in this city, and complained that the collector did not call regularly for the premium; that she then paid up the balance due, and was requested to sign a paper for the money that she paid, which she did; that she did not read or write in English; that she was ignorant of the contents of the paper; that it was not read or explained to her; that no inquiry was made as to whether the child was sick. Defendant's testimony is to the effect that when plaintiff called at its office she was informed that the policy had lapsed, but that it would be reinstated on condition that the child was in good health; that plaintiff stated that the child was in good health; that the paper signed was read to her; that she said she understood it, and thereupon signed it; and thereafter the policy was reinstated. The paper in question provided for a reinstatement of the policy on condition that the statement therein contained, that the child was then in good health, was true. There is no dispute but that the child was sick at the time plaintiff signed the paper. It will thus be seen that the whole case turned on the question as to what took place at the time of the signing of the reinstatement paper. If plaintiff's statement was true, that she made no representation as to the child's health, but simply paid the balance of premium due, and signed the paper, supposing it to be a receipt, and that thereby the policy was reinstated; and that she knew, or was told, nothing of the contents of the paper,—she is entitled to recover. This question of fact was left to the jury to decide, on a charge from the learned trial judge that was fair and liberal to the defendant. The jury have found for the plaintiff, and we can see no reason for disturbing its verdict.

The exception to charge as requested at folio 81 is not well taken. The learned trial judge had already charged substantially the same proposition at folio 79, and he was not called upon to repeat it. Judgment and order denying new trial affirmed, with costs.